UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEFON WYTCH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 24-CV-0545-CVE-SH |
| ) | |
| DAVID ROGERS, Interim Warden,[1] ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

Petitioner Stefon Wytch, an Oklahoma prisoner appearing pro se, seeks federal habeas relief under 28 U.S.C. § 2254, asserting he is in state custody in violation of federal law pursuant to the criminal judgment entered against him in Tulsa County District Court Case No. CF-2016-6760. See Dkt. # 1. Wytch alleges he received ineffective assistance of trial counsel, and he was denied a fair trial because improper evidence was admitted. See id. at 5-7.[2] The Court considered: Wytch's petition for writ of habeas corpus (Dkt. # 1), respondent David Rogers's motion to dismiss petition as untimely and unexhausted (Dkt. # 12), respondent's brief in support of motion to dismiss (Dkt. # 13), the record of state-court proceedings provided by respondent (Dkt. ## 13-1 through 13-21), Wytch's response to the motion to dismiss (Dkt. # 17), and applicable law. For the following reasons, the Court grants respondent's motion.

---

[1] Wytch presently is incarcerated at Red Rock Correctional Center, and David Rogers is the interim warden of that facility. The Court therefore substitutes David Rogers, interim warden, in place of Steven Harpe as party respondent. See Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts. The Clerk of Court shall note on the record this substitution.

[2] The Court's citations refer to the CM/ECF header pagination.

I. **Background**

Wytch was convicted by a jury in Tulsa County District Court, Case No. CF-2016-6760, of count 1, first degree murder, and count 2, feloniously pointing a firearm. Dkt. # 1, at 1-2. Following the entry of the judgments and sentences, on May 2, 2018 (Dkt. ## 1-1 and 1-2), the following relevant post-conviction proceedings ensued:

| Date | Event | Citation |
|---|---|---|
| August 29, 2019 | Oklahoma Court of Criminal Appeals ("OCCA") affirmed convictions and sentences. | Dkt. # 13-3 |
| July 29, 2020 | Application for post-conviction relief ("first application") filed. | Dkt. ## 13-6 and 13-7 |
| October 12, 2022 | State district court dismissed first application. | Dkt. # 13-11 |
| March 10, 2023 | First petition for appeal out of time filed. | First petition for appeal out of time, Wytch v. Oklahoma, Case No. PC-2023-206 (Okla. Crim. App. Mar. 10, 2023)[3] |
| March 24, 2023 | OCCA declined jurisdiction and dismissed petition for appeal out of time. | Dkt. # 13-14, at 2 |
| April 10, 2023 | Second petition for appeal out of time filed. | Second petition for appeal out of time, Wytch v. Oklahoma, Case No. PC-2023-322 (Okla. Crim. App. Apr. 10, 2023) |
| May 8, 2023 | OCCA declined jurisdiction and dismissed second petition for appeal out of time. | Dkt. # 13-15, at 1 |

---

[3]  The appellate court docket sheet for this appellate case, and Wytch's others, are available to the public through Oklahoma State Courts Network (oscn.net). "Federal courts may take judicial notice of state court docket sheets, and proceedings in other courts that have direct relation to matters in issue." Davis v. Morgan, Case No. 21-CV-411-GKF-JFJ, 2021 WL 6298321, at *1, n.2 (N.D. Okla. Sep. 27, 2021) (unpublished) (citing Stack v. McCotter, 79 F. App'x. 383, 391 (10th Cir. 2003), and St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp., 605 F.2d 1169, 1172 (10th Cir. 1979)).

| | | |
|---|---|---|
| August 9, 2023 | Second application for post-conviction relief and request to appeal out of time ("second application") filed. | Dkt. # 13-18 |
| August 22, 2023 | District Court denied second application for post-conviction relief. | Dkt. # 13-19 |
| August 15, 2024 | Petition for writ of habeas corpus filed with OCCA. | Dkt. # 13-20 |
| August 30, 2023 | OCCA declined jurisdiction and dismissed petition for writ of habeas corpus. | Dkt. # 13-21 |
| October 1, 2024 | Instant petition filed. | Dkt. # 1[4] |

Based upon the above-described procedural history, respondent contends Wytch's petition is time-barred. Dkt. ## 12 and 13. Specifically, respondent argues Wytch's petition is untimely pursuant to 28 U.S.C. § 2244(d), and Wytch is not entitled to equitable tolling. See Dkt. # 13. The Court agrees.[5]

## II. Applicable limitations period

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), state prisoners have one (1) year from the latest of four (4) triggering events in which to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). These events include:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[4]   Wytch's petition was received by the Clerk of Court on October 3, 2024. Dkt. # 1 at 1. However, because there is evidence showing he placed the petition in the prison's legal mail system on October 1, 2024, the Court deems the petition filed October 1, 2024. See Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts.

[5]   Respondent also moved to dismiss Wytch's claims as unexhausted. Dkt. # 13, at 12-15. Since the Court determines the petition is untimely, it does not address the merits of respondent's exhaustion argument.

3

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; [and]

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).  The one-year limitations period generally runs from the date the judgment became "final" under § 2244(d)(1)(A), unless a petitioner alleges facts that implicate § 2244(d)(1)(B), (C), or (D).  See Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000).

As outlined above, the OCCA affirmed Wytch's convictions and sentences on August 29, 2019.  Dkt. # 13-3.  Wytch did not seek a writ of certiorari from the United States Supreme Court within ninety (90) days after the OCCA affirmed his convictions.  Dkt. # 1, at 3; see Sup. Ct. R. 13.  Therefore, Wytch's judgments became final on November 27, 2019.  Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001) ("petitioner's conviction is not final and the one-year limitation period for filing a federal habeas petition does not begin to run until—following a decision by the state court of last resort—after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed." (internal citation and quotation omitted)).  Wytch's one-year period to file the instant petition began November 28, 2019, and absent statutory tolling, expired November 30, 2020.[6]  The Court finds, absent any tolling events, the petition filed October 24, 2024, is untimely under 28 U.S.C. § 2244(d)(1)(A).

---

[6]     Wytch's deadline was technically November 28, 2020.  Since November 28, 2020, was a Saturday, Wytch's one-year deadline extended to Monday, November 30, 2020.  FED. R. CIV. P. 6(a)(1)(C).

4

### III. Statutory tolling

Under 28 U.S.C. § 2244(d)(2), the limitations period is statutorily tolled during the pendency of any "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). This statutory tolling provision does not apply to state petitions for postconviction relief filed beyond the one-year limitations period prescribed by the AEDPA. Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006). Wytch filed his first application on July 29, 2020, before the expiration of his one-year limitations period under § 2244(d)(1)(A). See Dkt. ## 13-6 and 13-7. Therefore, the limitations period was tolled during the pendency of the first application, from July 29, 2020, until October 12, 2022. Lawrence v. Florida, 549 U.S. 327, 332 (2007); see also Dkt. ## 13-6, 13-7 and 13-11.

Even though he did not timely appeal the denial of his first application, the limitations period nonetheless "is tolled during the period in which [a] petitioner *could have* sought an appeal under state law." Gibson v. Klinger, 232 F.3d 799, 804 (10th Cir. 2000) (emphasis in original). Respondent notes that authorities differ regarding the length of this period. Dkt. # 13, at 6 n.5; compare OKLA. STAT. tit. 22, § 1087 (providing 10 days for the notice of appeal and 30 days for the petition in error), with Rule 5.2(C), Rules of the Oklahoma Court of Criminal Appeals (providing 20 days for the notice of appeal and 60 days for the petition in error). The Court, however, "need not decide which appeal period applies," because "the result does not change even if the [Court] ... exclude[s] 60 days," the longest potential appeal period. Davison v. Whitten, No. 22-5080, 2023 WL 3220855, at *3 n.4 (10th Cir. May 3, 2023) (unpublished).[7] Assuming a 60-day grace period for appeal, Wytch's limitations period was tolled from October 12, 2022, to

---

[7] The Court cites all unpublished decisions herein as persuasive authority. FED. R. APP. P. 32.1(a); 10th Cir. R. 32.1(A).

5

December 12, 2022,[8] and resumed running on December 13, 2022.  Wytch had 124 days remaining in his limitations period to file his federal habeas petition, or until April 17, 2023.[9]

The Court acknowledges that Wytch filed other requests with the state district court and OCCA.  However, none of these items entitle Wytch to statutory tolling.  First, Wytch filed various requests and motions during the post-conviction period.  See Dkt. ## 13-5 (motion for transcripts), 13-9 (motion for hearing), 13-12 (motion for discovery), 13-16 (motion for documents), 13-17 (motion for leave).  These items do not request "judicial reexamination of a judgment" and, therefore, do not satisfy § 2244(d)(2)'s "properly filed application" requirement. See Wall v. Kholi, 562 U.S. 545, 553 (2011) ("'[C]ollateral review' of a judgment . . . means a judicial reexamination of a judgment . . . outside of the direct review process."); see also Woodward v. Cline, 693 F.3d 1289, 1294 (10th Cir. 2012) (discovery, including motions for DNA testing, do not trigger § 2244(d)(2)); May v. Workman, 339 F.3d 1236, 1237 (10th Cir. 2003) (transcript requests do not trigger § 2244(d)(2)).  Wytch also filed two petitions for appeal out of time with the OCCA on March 10, 2023, and April 10, 2023.  See first petition for appeal out of time, Wytch v. Oklahoma, Case No. PC-2023-206 (Okla. Crim. App. Mar. 10, 2023); see also second petition for appeal out of time, Wytch v. Oklahoma, Case No. PC-2023-206 (Okla. Crim. App. Mar. 10, 2023).  The OCCA declined jurisdiction and dismissed both petitions.  Dkt. ## 13-4 and 13-5.  Accordingly, Wytch is not entitled to statutory tolling for these petitions.  See Gibson, 232 F.3d at 804-08.  Finally, Wytch is not entitled to any statutory tolling for his second application (Dkt. # 13-18)

---

[8] Tolling technically ended December 11, 2022.  Since December 11, 2022, was a Sunday, Wytch's tolling period extended to Monday, December 12, 2022.  FED. R. CIV. P. 6(a)(1)(C).

[9] Wytch's 124 days technically elapsed April 16, 2023.  Since April 16, 2023, was a Sunday, Wytch's 124 period extended to Monday, April 17, 2023. FED. R. CIV. P. 6(a)(1)(C).

because it was filed after April 17, 2023. Clark, 468 F.3d 714; Anderson v. Cline, 397 F. App'x 463, 464 (10th Cir. 2010) ("[I]t is long settled that a state court motion for collateral relief cannot restart the clock on a limitations period that has already expired."). Therefore, taking into account statutory tolling afforded by § 2244(d)(2), Wytch's limitations period expired April 17, 2023, and his instant petition filed October 24, 2024, is time barred.

## IV. State action

Liberally construing Wytch's petition, Wytch appears to contend his limitations period commenced later under 28 U.S.C. § 2244(d)(1)(B). Wytch alleges, "LCRF Facility was currently lockdown and just released to normal operations." Dkt. # 1, at 13. Accordingly, the Court briefly addresses § 2244(d)(1)(B).[10]

Prison lockdowns sometimes can qualify as impediments to filing under § 2244(d)(1)(B), but only when a petitioner shows the lockdown "was not related to legitimate penological interests." Pfeil v. Everett, 9 F. App'x 973, 978 (10th Cir. 2001); cf. id. ("[T]he Supreme Court has recognized lockdowns routinely cause delays in receiving legal materials, but also ruled that so long as they are the product of prison regulations reasonably related to legitimate penological interests, such delays are not of constitutional significance, even where they result in actual injury" (internal quotations and citation omitted)). Here, Wytch does not provide the Court with any details regarding the alleged lockdown, including the timing of it. Nor has Wytch shown the lockdown was not related to a legitimate penological interest. Therefore, Wytch has not shown that section 2244(d)(1)(B) provides him with a later commencing limitations period.

---

[10] Wytch did not allege any facts triggering 28 U.S.C. §§ 2244(d)(1)(C) or (D). Therefore, the Court does not analyze these subsections.

V. **Equitable tolling**

While the one-year statute of limitations may be subject to equitable tolling, equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). Moreover, Wytch's "burden in making this demonstration is a heavy one: [federal courts] will apply equitable tolling only if he is able to show specific facts to support his claim of extraordinary circumstances and due diligence." Vigil v. Jones, 302 F. App'x 801, 804 (10th Cir. 2008) (internal quotations and citation omitted). Nothing in Wytch's petition indicates extraordinary circumstances precluded the timely submission of his action. Thus, equitable tolling is unavailable.[11]

VI. **Conclusion**

The Court finds and concludes Wytch's petition for writ of habeas corpus is time-barred. The Court therefore grants respondent's motion and dismisses the petition. The Court further concludes that no certificate of appealability shall issue because no reasonable jurists would debate the dismissal of the petition on statute-of-limitations grounds. 28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

**IT IS THEREFORE ORDERED** that the motion to dismiss (Dkt. # 12) is **granted**; the petition (Dkt. # 1) is **dismissed**; a certificate of appealability is **denied**; and a separate judgment shall be entered in this matter.

**IT IS FURTHER ORDERED** that the Clerk of Court shall note on the record the substitution of David Rogers, interim warden, in place of Steven Harpe as party respondent.

---

[11] While a petition otherwise subject to dismissal for untimeliness may be heard on the merits upon a proper showing of actual innocence, Wytch does not invoke the actual-innocence doctrine. See McQuiggin v. Perkins, 569 U.S. 383, 392 (2013).

**DATED** this 11th day of September, 2025.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE